IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANNE CRHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4213-JPG |
| ) | |
| TIMOTHY LOUGHRAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Substitute Party filed by the Defendant, Witold Szyfer, on December 8, 2005 (Doc. 4). For the Reasons set forth below, the motion is **GRANTED**.

### BACKGROUND

The Complaint in this matter centers around the death of the Plaintiff's husband, James J. Crha, following certain medical procedures and care provided by the Defendants, doctors and medical institutions. The Plaintiff alleges that Dr. Witold Szyfer, who treated James Crha, was professionally negligent and is liable under the Illinois Wrongful Death Act and in this survival action. The Plaintiff asserts that at the time of Dr. Szyfer's allegedly negligent actions, he was employed by another Defendant, Southern Illinois Healthcare (d/b/a Herrin Hospital).

On January 6, 2006, in support of his motion, Dr. Szyfer filed a "Certification of Scope of Employment" (Doc. 9). In this document, Edward E. McNally, the United States Attorney for the Southern District of Illinois, has certified that, at the time of the incidents alleged in the Complaint, Dr. Szyfer was an employee of the United States Department of Health and Human Service. United States Attorney McNally also has certified that Dr. Szyfer was acting within the scope of his employment during the relevant time period.

**DISCUSSION**

Local Rule 7.1(g) provides that the Plaintiff had 10 days to respond to this motion. The Plaintiff has failed to respond. Therefore, this Court construes the lack of response as an admission of the merits of the motion.

The relevant United States Code section states, among other things, that if the Secretary of Health and Human Services certifies that a person was an employee of the Public Health Service during the relevant time period, then the United States shall be substituted for that person. 42 U.S.C. §233(g). Richard G. Bergeron,[1] a Senior Attorney in the General Law Division, Office of General Counsel, Department of Health and Human Services, has certified that Dr. Szyfer was an employee of the Christopher Rural Health Planning Corporation during the relevant time period (Doc. 6). The Christopher Rural Health Planning Corporation is a "Health Center," as defined in 42 U.S.C. §254(b), whose employees are deemed to be employees of the Public Health Service (a part of the Department of Health and Human Services). 42 U.S.C. §233(g)(1)(A) and (g)(4). Therefore, the Plaintiff's remedy, if any, lies with the United States.

---

[1] The Court assumes that Attorney Bergeron is an appropriate designee of the Secretary of the Department of Health and Human Services just as United States Attorney McNally is an appropriate designee of the Attorney General. See 42 U.S.C. §203.

CONCLUSION

For the foregoing reasons, the Motion to Substitute Party filed by the Defendant, Witold Szyfer, on December 8, 2005 is **GRANTED** (Doc. 4).  The United States of America is hereby **SUBSTITUTED** for Witold Szyer as a party-Defendant.


**DATED: January 11, 2006**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
